## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  19-cv-2797

SETH ROCCO,

       Plaintiff,

v.

GREAT WESTERN BANK,

       Defendant.

## NOTICE OF REMOVAL

Defendant Great Western Bank ("Defendant"), through its undersigned counsel, respectfully submits this Notice of Removal ("Notice of Removal") of this action from the District Court for the County of Fremont, Colorado, the court in which this case is presently pending as Case No. 2019CV30111, to the United States District Court for the District of Colorado.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1332, 1441, and 1446, as well as D.C.COLO.LCivR 81.1.  As grounds for removal, Defendant states as follows:

### LITIGATION FACTS

1.      On or about August 26, 2019, Plaintiff Seth Rocco ("Plaintiff") filed a Complaint ("Complaint") in the District Court for the County of Fremont, Colorado ("State Court"), captioned *Seth Rocco v. Great Western Bank*, bearing case number 2019CV30111 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, a complete copy of the file from the State Court Action is attached hereto.  A true and correct copy of the Complaint is attached as

**Exhibit A**. In his Complaint, Plaintiff alleges purported claims for: (1) wrongful discharge in violation of public policy under Colorado common law; (2) retaliation in violation of C.R.S. §§ 24-34-401 *et seq.* ("CADA"); and (3) discrimination based on race and gender in violation of CADA. (*See* Complaint, ¶¶ 32-50.)

2. Plaintiff filed a District Court Civil (CV) Case Cover Sheet For Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint and Jury Demand ("State Court Cover Sheet") with the Complaint on August 26, 2019. A true and correct copy of the State Court Cover Sheet is attached as **Exhibit B**.

3. A summons ("Summons") was issued by Plaintiff's counsel on August 26, 2019. A true and correct copy of the Summons is attached as **Exhibit C**.

4. On August 26, 2019, the State Court entered a Delay Reduction Order ("DRO") in the State Court Action. A true and correct copy of the DRO is attached as **Exhibit D**.

5. Defendant was served with the Summons and Complaint on August 29, 2019. A true and correct copy of the Affidavit of Service ("Affidavit of Service") filed by Plaintiff in the State Court Action on September 17, 2019, reflecting service of the Summons and Complaint on Defendant is attached as **Exhibit E**.

6. On September 17, 2019, Defendant filed an Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint ("Extension Motion"). A true and correct copy of the Extension Motion is attached as **Exhibit F**.

7. On September 20, 2019, the State Court entered an Order granting the Extension Motion ("Extension Motion Order"). A true and correct copy of the Extension Motion Order is attached as **Exhibit G**.

### PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8. Beginning in approximately September 2017, Plaintiff was employed by Defendant as a Branch Manager at Defendant's location in Canon City, Colorado. (Complaint, ¶ 6.)

9. Plaintiff's employment with Defendant ended on or around February 22, 2018. (*Id.* at ¶ 27.)

10. At the time Plaintiff's employment with Defendant ended on or around February 22, 2018, Plaintiff's annual salary was $50,000. (Declaration of Jessica Drew ("Drew Decl."), attached as **Exhibit H,** ¶ 4.)

### CITIZENSHIP OF THE PARTIES

11. Plaintiff is a citizen and resident of Colorado. (Complaint, ¶ 1.)

12. Defendant is incorporated in the State of South Dakota. (Drew Decl., ¶ 3.) Its officers direct, control, and coordinate the corporation's activities from Sioux Falls, South Dakota, which is Defendant's principal place of business and nerve center. (*Id.*)

13. Therefore, Defendant is a citizen of South Dakota. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93-94 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

14. Accordingly, this action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

15. It is the relief Plaintiff seeks, not that to which he is entitled, that must be considered for jurisdictional purposes. *See Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1310 n.1 (10th Cir. 1982) ("[T]he amount in controversy is not dependent on the amount actually recovered by plaintiff.") (citations omitted); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

16. Plaintiff does not state the amount in controversy in the Complaint, consistent with the Colorado Rules of Civil Procedure. (*See generally* Complaint; *see also* C.R.C.P. 8(a) ("No dollar amount shall be stated in the prayer or demand for relief.")) Accordingly, pursuant to 28 U.S.C. § 1446(c)(2), Defendant may assert the amount in controversy in this Notice of Removal.

17. "[A]s specified in [28 U.S.C.] § 1446, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). This plausible allegation may be based "on an estimate of the potential damages from the allegations in the complaint." *See McPhail*, 529 F.3d at 955 (citation omitted). Moreover, a complaint—such as the Complaint here—"that presents a combination of facts and theories of recovery" that supports a claim in excess of $75,000 supports removal. *Id.*

18. In Plaintiff's prayer for relief in the Complaint, Plaintiff asserts he is entitled to "damages, including, though not limited to [sic] lost wages, mental anguish and inconvenience, all the amounts of which is [sic] to be determined at trial, for interest as allowed by law, for attorney fees and costs, exemplary damages, treble damages, and for such other and further relief as to [sic] the Court deems just and proper in its premises." (Complaint, p. 5, "Wherefore" paragraph.)

19. As stated above, Plaintiff's annual salary at the time his employment with Defendant ended on or around February 22, 2018, was $50,000. (Drew Decl. , ¶ 4.) The trial in this action will likely not occur until sometime in 2021. Because Plaintiff is seeking lost wages through the date of trial, Plaintiff is seeking at least approximately $150,000 in lost wages damages. *See also* C.R.S. § 24-34-405(2)(I) (a plaintiff may seek back pay damages under CADA); *Gansert v. State of Colorado*, 348 F. Supp. 2d 1215, 1229 (D. Colo. 2004) (defining "'back pay' as that which may be awarded as damages from the time of termination [of employment] to the time of judgment").

20. Moreover, Plaintiff is seeking awards of mental anguish damages and exemplary damages. (Complaint, p. 5, "Wherefore" paragraph.) To the extent Plaintiff seeks such categories of damages under his CADA claims, those damages could equal up to $300,000. *See* C.R.S. § 24-34-405(3)(d)(I) (the total amount of compensatory and punitive damages awarded pursuant to CADA "shall not exceed the amounts specified in 42 U.S.C. sec. 1981a(b)(3)"); 42 U.S.C § 1981a(b)(3)(D) ($300,000 limit to compensatory and punitive damages, combined, for employers who have "more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year"); (Drew Decl., ¶ 5 (Defendant has had more than 500 employees in each of 20 or more calendar weeks in 2019)).

21. Based on the foregoing categories of damages Plaintiff is seeking in this action and estimated amounts of such damages, the amount in controversy exceeds $75,000.

**REMOVAL**

22. Because there is complete diversity of citizenship between the parties and Defendant has asserted in this Notice of Removal that the amount in controversy here is in excess of $75,000, the United States District Court for the District of Colorado has original jurisdiction over this matter.

23. Pursuant to 28 U.S.C. § 1441(a), the right exists to remove this case to the United States District Court for the District of Colorado, which embraces the place where the State Court Action is currently pending.

24. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of service of the Summons and Complaint in this matter, which was effected on August 29, 2019. *See* Affidavit of Service.

25. As required by D.C.COLO.LCivR 81.1(b), a copy of the State Court Action docket sheet is attached as **Exhibit I**. As demonstrated by the contents of Exhibit I, no pending motion or petition exists in the State Court Action.

26. As required by 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the State Court and serve a copy of this Notice of Removal on Plaintiff's counsel.

WHEREFORE, Defendant Great Western Bank respectfully requests that the above-referenced action now pending in the District Court for the County of Fremont, Colorado, be removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to this Court, that this Court accept

jurisdiction over this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted this 30th day of September, 2019.

                                  JACKSON LEWIS P.C.

*s/ Jacqueline R. Guesno*
Jacqueline R. Guesno
Jeffrey H. McClelland
JACKSON LEWIS P.C.
950 17thSt., Suite 2600
Denver, CO 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
E-mail: jacqueline.guesno@jacksonlewis.com
        jeffrey.mcclelland@jacksonlewis.com

*Counsel for Defendant Great Western Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2019, a true and accurate copy of the foregoing was filed with the Court via the Court's CM/ECF system, and was also served by regular U.S. Mail upon the following:

Anthony R. Perko
GRADISAR, TRECHTER, RIPPERGER, & ROTH
1836 Vinewood Lane, Suite 200
Pueblo, CO 81005
aperko@gtrrlaw.com

*Counsel for Plaintiff*

            *s/ Halle Gotfredson*
            for Jackson Lewis P.C.